IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONALD L. ANDREWS,
    Plaintiff,

vs.                                Case No. 3:11cv66/MCR/EMT

ESCAMBIA COUNTY JAIL, et al.,
    Defendants.

## REPORT AND RECOMMENDATION

    Plaintiff has paid the filing fee, and this cause is before the court upon his third amended civil rights complaint filed pursuant to Title 42 U.S.C. § 1983 (doc. 18).

    Since Plaintiff is a prisoner seeking redress from a governmental entity or officer or employee of the government, the court is required to dismiss the complaint or any portion thereof if it determines that the complaint "(1) is frivolous, malicious or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, (1989). The language of 1915A(b) tracks the language of Fed. R. Civ. P. 12(b)(6), and thus dismissals are governed by the same standard as that rule. See Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. See Pielage v. McConnell, 516 F.3d 1282 (11th Cir. 2008); Thaeter v. Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006); Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 569 n.14 (2007) (declining to apply a heightened pleading standard, and abrogating Conley v. Gibson, 355 U.S. 41, 47 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45–46.)) A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003)). Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing Hall v. United Ins. Co. Of Am., 367 F.3d 1255, 1263 (11th Cir. 2004)). Upon review of Plaintiff's complaint, the court concludes that sua sponte dismissal is warranted due to Plaintiff's failure to state an actionable claim against the named Defendants, and his failure to heed the court's previous orders in amending and presenting the instant complaint.[1] Vanderberg v. Donaldson, 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff was incarcerated at the Escambia County Jail at the time the events giving rise to this complaint took place, although he is currently incarcerated at the Walton Correctional Institution (doc. 18 at 2). Named as Defendants in this action are the Escambia County Board of County Commissioners ("the Commissioners"); the Escambia County Sheriff's Office ("ECSO"); H.R. "Ron" McNesby, former Sheriff of Escambia County; and Armor Correctional Health Services, Inc. ("Armor"), which, at the time of the incidents complained of was the healthcare provider at the Escambia County Jail.[2]

Plaintiff alleges that in February 2007, after having previously suffered three heart attacks, he began experiencing what he believed to be heart-attack symptoms at the jail (doc. 18 at 6). He

---

[1] This court cannot give legal advice to litigants appearing before it. Nonetheless, it is the court's practice to generously allow amendment of pro se complaints, and to provide legal "guidance" in its orders directing such amendment to ensure that litigants have the best opportunity to present an actionable claim. Failure to heed such guidance in formulating a complaint can be fatal to a Plaintiff's claim.

[2] Despite the court's instructions in its previous order, Plaintiff has not named any individual Defendants in his most recent complaint (McNesby is named in his official capacity), although he named multiple John and Jane Doe Defendants in his initial complaint, and several individuals are accused of constitutional violations within the statement of facts in the instant complaint.

claims that he reported this to "the jail's sheriff department staff" but was told to sign up for sick call, which he asserts was a violation of his constitutional rights (*id*.). He did, and was admitted to the jail infirmary where he was seen by an Armor employee identified as Nurse Noreen (*id*. at 6–7). Noreen discounted Plaintiff's self assessment, despite his explanation that he had previously suffered three heart attacks and was familiar with the symptoms (*id*. at 7). Nurse Noreen sent him back to his cell without further treatment, which Plaintiff asserts was another violation of his constitutional rights (*id.*). Plaintiff continued to experience tightness in his chest, shortness of breath, and pain, which symptoms he reported to his attorney during a visit two days later (*id.*). After counsel contacted jail administration, Plaintiff was taken back to the infirmary and after an evaluation and an EKG, he was rushed to the hospital where he underwent a quadruple bypass (*id.*). Plaintiff asserts that he almost bled to death during the surgery because unidentified Armor Health Services personnel failed to advise the surgeons that he had been taking blood thinners (*id*.). Plaintiff was released from the hospital after eight days and returned to the jail. Upon his return he informed jail staff and Armor employees that he was unable to eat or drink due to severe pain (*id.* at 8). Despite his repeated complaints to unidentified individuals employed by both the Sheriff's Office and Armor, three or four days passed before Plaintiff finally saw a doctor (*id*.), again, Plaintiff asserts, in violation of his constitutional rights. Dr. Rincon took Plaintiff's blood pressure and had Plaintiff rushed to the hospital (*id.* at 8–9). There he was informed that he was in renal failure due to low blood pressure (*id.* at 9). Plaintiff remained hospitalized for seven more days, after which time he again returned to the Escambia County Jail (*id.* at 5). Plaintiff asserts that he received virtually no more healthcare or treatment from Armor from the time he returned to the jail until his transfer to state prison (*id.*). Plaintiff seeks undetermined monetary damages to compensate him for past and future pain and suffering and medical care. He asserts that his claims arise under the Eighth and Fourteenth Amendments, as he was initially a pre-trial detainee and later a convicted prisoner at the time of the events complained of.

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

1. whether the conduct complained of was committed by a person acting under color of state law; and

  2.  whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254–55, 101 L. Ed. 2d  40 (1988) (citations omitted); Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005) (citing West). The "color of state law" requirement generally excludes merely private conduct, no matter how discriminatory or wrongful. Focus on the Family v. Pinellas Sun Coast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003). Armor is not an arm of the state. However, a private entity that contracts with the county to provide health services can be held liable under § 1983. *See, e.g.,* Swann v. Southern Health Partners, Inc., 388 F.3d 834, 837 (11th Cir. 2004); Buckner v. Toro, 116 F.3d 450, 452 (11th Cir. 1997). Nonetheless, even accepting that Armor can be viewed as a "state actor" with respect to the actions complained of in this case, the issue of respondent superior remains.

  If Plaintiff attempts to impose § 1983 liability against Armor (or McNesby, as discussed more fully *infra*) based on the actions of one or more of its employees, this is improper. As Plaintiff was previously advised, supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citation omitted); Polk County v. Dodson, 454 U.S. 312 (1981). Although personal participation is not specifically required for liability under section 1983, there must be some causal connection between each defendant named and the injury allegedly sustained. Marsh v. Butler County, 268 F.3d 1014 (11th Cir. 2001); Swint v. City of Wadley, Ala., 51 F.3d 988, 999 (11th Cir. 1995); Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991). A supervisor is not liable simply because he is the superior of another defendant. Marsh, *supra*; Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir. 1995). The causal connection may be established by proof that the official was personally involved in the acts that resulted in the constitutional deprivation, or where the official has established or utilized a policy or custom that results in deliberate indifference to a prisoner's rights. *See* Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted); Ancata v. Prison Health Servs., Inc., 769 F.2d 700 (11th Cir. 1985). Alternatively, "[t]he necessary causal connection can be established 'when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.'" Cottone, 326 F.3d at 1360 (quoting Gonzalez v. Reno, 325 F.3d

1228, 1234–35 (11th Cir. 2003) (internal quotation marks and citation omitted)). A single violation of constitutional rights does not amount to an official policy or custom resulting in the deprivation of an individual's constitutional rights. City of Oklahoma v. Tuttle, 471 U.S. 808 (1985). Moreover, a supervisor ordinarily cannot be held liable under a respondeat superior theory for the acts and omissions of individuals acting in contravention to policy. Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1540 (11th Cir. 1994). In this case, Plaintiff has alleged no facts in the third amended complaint that would support a claim for supervisory liability. There is no suggestion that the incidents complained of were anything other than isolated events that happened to this particular Plaintiff alone; there is no suggestion that they were part of a widespread pattern of indifference to serious medical needs. And, despite his references within the complaint to violations of his constitutional rights, he names no individuals as Defendants. Thus, he has failed to state a constitutional claim against Armor, and this Defendant should be dismissed.

Next, the court notes that Plaintiff has again named the Escambia County Sheriff's Department as a Defendant, despite its instructions in the previous order. The capacity to be sued in federal court is governed by the law of the state in which the district court is located. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing Fed. R. Civ. P. 17(b)). As Plaintiff was already advised, there is no such legal entity as the "Escambia County Sheriff's Department." Under Florida law, there are constitutionally created political subdivisions called counties and separately created constitutional officers, including a sheriff. Fla. Const. art. VIII, §§ 1(a) and (d). However, no provision is made constitutionally or statutorily for a "Sheriff's Department" as a separate legal entity, as an agency of the county, or as a corporate entity; nor is a Sheriff's Department given authority to be sued in such a name. Bethel v. Escambia County Sheriff's Office, 2006 WL 3709621 (N.D. Fla. 2006) (citing Hobbs v. Holmes County Sheriff's Dep't, No. 5:04cv82/RH, Doc. 10 at 3 (N.D. Fla. July 14, 2004) (concluding that the Holmes County Sheriff's Department is not a suable entity); Turner v. Bieluch, No. 9:03cv81059, Doc. 12 (S.D. Fla. 2004) (finding that Palm Beach County Sheriff's Office lacks capacity to be sued); Erickson v. Hunter, 1996 WL 427769, at *1 (M.D. Fla. Apr. 10, 1996) (unpublished opinion) (dismissing claims against Collier County Sheriff's Office on grounds that it lacks the capacity to be sued); Jones v. Collier County Sheriff's Dep't, 1996 WL 172989 (M.D. Fla. Apr. 9, 1996) (concluding that Collier County Sheriff's Office is not

a legal entity and therefore cannot be sued)). For claims against a sheriff's department, the appropriate defendant is the Sheriff in his official capacity. *See* Bethel, 2006 WL 3709621 (citing Hobbs, No. 5:04cv82/RH, Doc. 10 at 3 ("For claims against the [Holmes County] Sheriff's Department, the appropriate defendant is the Sheriff, Dennis Lee, in his official capacity.")); Mitchell v. Untreiner, 421 F. Supp. 886, 888 (N.D. Fla. 1976) (referring to the sheriff as "the Chief Jailer" of the county jail). The ECSO is not a proper Defendant in this action, and must be dismissed.

The remaining two Defendants are the Escambia County Sheriff in his official capacity[3] and the Commissioners. Plaintiff asserts that the Commissioners were derelict in their duty as the ultimate overseer of Escambia County, Florida to ensure that all county employees, agencies and departments were properly trained and supervised, that no pretrial detainee was beaten by law enforcement,[4] and that all inmates received proper treatment for serious medical needs (doc. 18 at 9). He also claims that the Commissioners failed in their duty to ensure that all pre-trial detainees and prisoners received adequate health care (*id*. at 1). Similarly, he contends that the sheriff had a duty to ensure that his employees were properly trained to make certain that prisoners and pre-trial detainees received proper care (*id.* at 10).

Plaintiff apparently seeks to recover on a theory of municipal liability. A plaintiff seeking to impose liability on a municipality under § 1983 must identify a particular municipal "policy" or "custom" that caused the constitutional injury. Board of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality. . . . A custom is a practice that is so settled and permanent that it takes on the force of law." Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999) (*quoting* Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997)); *see also* Griffin v. City of Opa-Locka, 261 F.3d 1295, 1307 (11th Cir.

---

[3] Ron McNesby is no longer the Sheriff of Escambia County. Thus, David Morgan would be the appropriate Defendant for an official capacity claim.

[4] This is an apparent reference to an alleged beating that occurred in 2006 before Plaintiff suffered his heart attack while in custody (doc. 18 at 6). The individuals who allegedly carried out the beating are not named as Defendants in this action.

2001).  Plaintiff must show that a county policy or custom was the "moving force" that caused the alleged constitutional violations in order to establish the count's § 1983 liability.  McElligott v. Foley, 182 F.3d 1248, 1259 (11th Cir. 1999); Young v. City of Augusta, GA., 59 F.3d 1160, 1171 (11th Cir. 1995).

A single incident alleged in a complaint, especially if it involved only actors below the policymaking level, as is the situation in the case at bar, generally will not suffice to raise an inference of the existence of a custom or policy that resulted in a constitutional violation and will not state a claim.  *See* Dwares v. City of New York, 985 F.2d 94, 100 (2nd Cir. 1993) (*citing* City of Oklahoma City, 471 U.S. at 823–24); Dyno v. Village of Johnson City, 240 Fed. Appx. 432 (2nd Cir. 2007) (*citing* Dwares); Rivers v. Escambia County Jail, 2005 WL 2176863 (N.D. Fla. 2005).  Furthermore, allegations regarding unconstitutional policies generally come into play when a plaintiff is attempting to hold liable a municipality or other local government unit liable for the actions of one of its employees.  *See, e.g.,* Dwares; Spiller v. City of Texas City, Police Dept., 130 F.3d 162, 167 (5th Cir. 1997); Doe v. Claiborne County, Tenn. By and Through Claiborne County Bd. of Educ., 103 F.3d 495, 507 (6th Cir. 1996); Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 (1978).  In making allegations that an unconstitutional policy existed, the description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts.  Spiller, (*citing* Fraire v. Arlington, 957 F.2d 1268, 1278 (5th Cir. 1992)); L.S.T., Inc. v. Crow, 49 F.3d 679, 682 (11th Cir. 1995).

Again, the incidents complained of appear to be isolated events that happened to this particular Plaintiff as a result of his medical condition.  There is no suggestion that there was a policy  of widespread medical indifference to serious medical needs that would justify liability on the part of either the Sheriff or the Commissioners.  Similarly, Plaintiff's allegations would not support a finding of liability under a theory of respondent superior.  As such, his case against the remaining two Defendants should also be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for failure to state a claim against the named Defendants pursuant to 28 U.S.C. § 1915A(b)(1).

At Pensacola, Florida, this 4th day of January, 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).